QUESTIONS of law reserved by the Superior Court in and for Sussex county, for hearing before all the Judges. Heard at the June *Page 222 
term, 1849, before Johns, Chancellor; Booth, Chief Justice, and Judges Harrington and Milligan.
The action was in debt on the guardian bond of George Tunnell and James Anderson and others, his sureties in the guardianship of Hannah E. Burton, for the use of the minor, against the surety of the guardian, who had been removed.
There were two breaches assigned on the bond, viz: — 1. (averring that the guardianship was determined, that the said George Tunnell did not duly render according to law, just and true accounts of his guardianship.) 2. (averring his removal, and that during the guardianship $8000 was clue and owing to plaintiff, in the hands of said G. Tunnell, as administrator of Miers Burton, deceased, which he ought to have collected and received, as guardian of plaintiff, and ought to have charged himself in a guardian account.) That he refused and neglected to collect and receive the same from said G. Tunnell, as administrator as aforesaid, or to charge himself as guardian of plaintiff therewith; and so did not in all things faithfully perform and fulfil his duty as guardian of plaintiff.
The questions reserved were — 1. Whether, where the administrator of an intestate, having in his hand a residuary balance distributable among the representatives of the intestate, is also the guardian of a minor child, who is a representative of the intestate, and neglects or refuses to render any account according to law, charging himself as guardian with the funds in his hands as administrator, belonging to the said child and representative, as her distributive share of the said residuary balance, the said child and representative can, in an action brought upon the guardian bond, against the principal or sureties therein, after the ceasing and determination of the guardianship, recover such share as damages; and if so, whether she can recover the same without proof of the insolvency of the principal and sureties in the administration bond of such person so being administrator and guardian.
2. Whether, under such a state of facts as appears in the first question, the said child and representative must prove that she has exhausted her remedies at law against the principal and sureties in the administration bond, without obtaining satisfaction, in order to enable her to recover against the guardian and his sureties in the guardian bond, in an action brought on such bond, the amount of her said distributive share of the said residuary balance, so in the hands of the said guardian, as administrative of the said intestate. *Page 223 
 Bayard, for plaintiff, made these points: — 1. The guardian is authorized both by common law and statute, to receive all debts, rents and things in action, due or belonging to his ward; and it is his duty to collect and receive them. (Digest, 424, sec. 10.)
2. It is a clear breach of the condition of his bond that he "shall faithfully perform and fulfil his duty as guardian," if he does not receive debts and things in action which he might receive by the exercise of his own volition merely, or collect by suit or otherwise.
3. It is also a clear breach of the first term of the condition of his bond, if he does not duly render according to law, just and true accounts of his guardianship; and the plaintiff would be entitled to judgment against him on this breach, even though he had lawfully disbursed all he had received as guardian, and the damages were merely nominal.
4. If the guardian is bound by his duty as such, to receive the debts and things in action of his ward, and it is a breach of the condition of his obligation, if he does not receive them, then it follows on principle, that if he has in his hands as administrator, money due to his ward, he is bound to receive it, and violates the condition of his obligation stated in the second point, if the does not receive it.
5. If the only mode of receipt by a person being both guardian and administrator of the funds in his own hands, is by passing an account charging himself with them, then if he fails to pass such account, he certainly does not faithfully perform and fulfil his duty as guardian.
6. If the guardian commit a breach of the condition of his bond by not receiving that which he might and ought to receive, the damage to the ward must be the amount of the sum which he could have received, but neglected to receive. (Lawson vs. Copeland, 2 Bro. Ch. Rep., 156;Schultz vs. Belver, 11 Wend., 363-6; Sheppard et al. vs. Twogood et al.,Turner Russel Ch. Rep., 379, 391.)
7. It is immaterial for the purpose of ascertaining the damages, whether the debt is lost or the party owing is solvent and able to pay.
8. If the same person, being administrator and guardian, has in his hands as administrator, money due to his ward, and the only mode in which he can receive that money as guardian, is by passing an account charging himself with it; then if he either fails to pass an account according to law, or passing one, neglects to charge himself with the money so due to his ward, "he does not duly render *Page 224 
according to law, just and true accounts of his guardianship," and therefore the first term of the condition of his bond is broken, and the damage would be ascertainable in the same mode as on the breach of the condition for faithful performance of his duties.
9. If the solvency of the person owing a debt to the ward, which the guardian might and ought to have collected, can have any effect on the amount of the damages, it must be an affirmative fact to be proved by the defendant in mitigation of damages, the bond being forfeited by the failure to collect, or to pass the account.
Cullen and Rogers, contra. — 1. The rendering of an account by a guardian is a necessary preliminary to an effectual recovery by suit upon his bond. (19 Johns. Rep., 304, Stillwell vs. Mills; 1 Greenl., 186, Bailey vs. Rogers; 1 Root, 51, Robertson vs. Robertson; 3 McCord, 237, Anderson vs. Maddox; 1 Watts, 229, Nutz vs. Rutter; 3 Hill, 77,Salisbury vs. Van Haesen; 3 Dev. Bat., 194; Digest, 422-3.) It cannot appear until such account be passed, that plaintiff has suffered any damage.
2. The guardian being also executor or administrator, has the right to elect in which capacity he will hold the funds, and is not bound to transfer them to the guardian account. His duty as executor or administrator requires him to hold them until final settlement of the estate.
3. It is no breach of the condition of a guardian bond, where he is also executor or administrator, that he neglected and refused to collect and receive from himself. (4 Mason, 131.)
4. Upon a breach that a guardian neglected and refused to render accounts, only nominal damages can be recovered. (3 Metc., 109, Fay vs.Haven; 5 Shipley, 222, Fuller vs. Wing.; 17 Maine Rep., 222.)
5. Where there is an admitted prior liability upon an administration bond, without a transfer of the fund to the guardianship account, the sureties of the guardian are entitled to require the party to resort to the prior liability, if solvent; and that such defence is available in law. (1 Story's Eq., 330; 7 Johns. Rep., 332-9; 2 Bailey, 551, Wagner
vs. Kerby; 2 Am. Leading Cases, 157.)
6. When the offices of executor or administrator and guardian are invested in the same person, he holds the estate in his hands as executor, and does not hold as guardian, until an election or transfer. (3 Mass. Rep., 526; 4 Harr. Rep., 424; 5 Mason, 95; 4 Ibid, 131; 3Ridgely's Notes, 526, Crockett vs. Blackiston, adm'r. of Numbers, *Page 225 guardian; and State vs. Lewis' adm'r.; 3 Ridgly's notes, 532, (a;) 1Dana Rep., 514; 10 Alaba. Rep., 299; 2 Gill Johns., 220; 1Richardson's Rep., 351.
Judgement. — On the sixteenth day of June, A. D., 1849, this cause was heard before the Court of Errors and Appeals, on a transcript of the record of the Superior Court in and for the county of Sussex, and on the questions of law reserved for hearing before this court; and was argued by counsel. Upon due consideration whereof, it is the opinion of this court, upon the said questions of law, that where the administrator of an intestate's estate, being at the same time the guardian of a minor child, who is a representative of the estate, passes an account of his administration showing a residuary balance in his hands as administrator, distributable among the representatives of the intestate, and neglects or refuses to retain as guardian the distributive share of his ward, his sureties in the administration bond remain liable for such share. As between them and the sureties in the guardian bond, it must appear by some act on his part, that he has made his election to retain as guardian before the former can be exonerated, or the latter be charged. Such election may be shown by his claiming a credit on his administration account, for the distributive share of his ward, or by charging himself with it, in his guardian account. If he neglects or refuses to do so, he may be constrained to make the election, by compelling him to pass an account as guardian, and to charge himself in that capacity, with the fund. But it is not only the right, but also the duty of the administrator, to retain as guardian the distributive share of his ward, and the sureties in the guardian bond may become responsible by his neglect or refusal so to do his duty in this respect, if by such neglect or refusal the fund is lost by reason of the insolvency of himself and his sureties in the administration bond. In such case, in a suit against the sureties in the guardian bond, such distributive share may be recovered by way of damages, upon showing that the remedies at law against the principal and sureties in the administration bond have been exhausted; and that satisfaction could not be obtained because of their insolvency. And it is ordered by the court that this cause be remanded, and the opinion of this, court be certified to the Superior Court in and for the county of Sussex; and that the said William E. Burton, guardian of the plaintiff, pay the costs of the proceedings in this court. *Page 226